(COMMON LAW.)

### SOMERVILLE's *Executors* v. HAMILTON.

Where the defendant in ejectment, for lands in North Carolina, has
been in possession under title in himself, and those under whom he
claimed, for a period of seven years, or upwards, such possession *is,*
by the statute of limitations of North Carolina, a conclusive legal
bar against the action by an adverse claimant, unless such claimant
brings himself by positive proof within some of the disabilities pro-
vided for by that statute.   In the absence of such proof, the title
shown by the party in possession is so complete as to prove, in an
action upon a covenant against incumbrances, that a recovery ob-
tained by the adverse claimant was not by a paramount legal title.
*Quære*, Whether in an action upon a covenant against incumbrances,
the plaintiff is bound to show that the adverse claimant recovered,
in the suit by which the plaintiff is evicted, by title paramount, or
whether the recovery itself is *primâ facie* evidence of that fact?

THIS was an action of covenant brought in the
Circuit Court of North Carolina, by the executors of
John Somerville, the younger, against John Hamil-
ton, on the following covenants in a deed of land in
North Carolina, from Hamilton to John Somerville,
the elder, dated April 15th, 1772.   The grantor co-

venanted with the grantee, his heirs, and assigns, that the premises " then were, and so forever thereafter should remain, free and clear of and from all former and other gifts, bargains, sales, dower, right and title of dower, judgments, executions, title, troubles, charges, and incumbrances whatsoever, done, committed, or suffered, by the said John Hamilton, or any other person or persons whatsoever, the quit rent afterwards to grow due to Earl Grenville, his heirs, &c. only excepted." There was also a covenant for a general warranty. Hamilton claimed the lands under a deed, dated the 4th of October, 1771, from one Stewart, who was then in possession, and who delivered possession to Hamilton. John Somerville, the elder, conveyed the same to his son, John Somerville, the younger, by deed dated the 8th of September, 1777 ; and Somerville, the younger, conveyed to one Whitmill Hill, by deed dated the 9th of October, 1795. W. Hill died on the 13th of October, 1797, having by his last will devised the lands to his son Thomas B. Hill. The latter having entered under the devise, an action of ejectment was brought against him in the Superior Court of the State of North Carolina for Halifax district, on the 7th of June, 1804, for two hundred and fifty acres, parcel of the said lands, by one Benjamin Sherrod, who, at the April term, 1805, of the said Court, obtained a verdict and judgment for the possession of the said two hundred and fifty acres of land, and was put in possession of the same. On the 2d of September, 1804, Hamilton had notice from Somerville, the younger, of the institution of this suit, but did not aid in the defence. From the date of Stewart's deed to Ha-

1819.

Somerville
v.
Hamilton.

milton, (October 4th, 1771,) to the commencement of this suit by Sherrod against Hill, on the 7th of June, 1804, the land in controversy was in the possession of Hamilton, and of Somerville and the Hills, claiming under Hamilton. On the 6th of November, 1806, Somerville, the younger, died, leaving the plaintiffs executors of his last will and testament.

The above facts were found by a special verdict in the Circuit Court, and the case came before that Court upon the special verdict at November term, 1816, when the judges differed in opinion upon the following questions:

1. Whether the plaintiffs were bound to show that Benjamin Sherrod recovered against Thomas B. Hill by title paramount to that derived from Hamilton; or the recovery itself was *prima facie* evidence of that fact?

2. Whether the title shown by Thomas B. Hill under Hamilton, was not so complete as to prove that Sherrod's recovery could not have been by title paramount?

Which questions were thereupon certified to this Court for decision.

*March 6th,*
*1818.*

The cause was argued at the last term by Mr. *Harper*, for the plaintiffs,[a] no counsel appearing for the defendant.

[a] He cited Duffield v. Scott, 3 *T. R.* 374. Blasdale v. Babcock, 1 *Johns. Rep.* 517. Kip v. Bingham, 6 *Johns. Rep.* 158. Bender v. Fromberger, 4 *Dall.* 436. Hamilton v. Cutts, 4 *Mass. Rep.* 353.

The opinion of the Court was delivered at the present term by Mr. Justice STORY.

Upon the special verdict in this case, the judges in the Court below differed in opinion on two points, which are certified to this Court for a final decision:

1. Whether the plaintiffs were bound to show that Benjamin Sherrod recovered against Thomas B. Hill by title paramount to that derived from Hamilton, or the recovery itself was *prima facie* evidence of that fact?

2. Whether the title shown by Thomas B. Hill under Hamilton was not so complete as to prove that Sherrod's recovery could not be by title paramount?

Upon the first point, this Court also is divided in opinion, and, therefore, no decision can be certified. But as we are unanimous on the second point, and an opinion on that finally disposes of the cause, it will now be pronounced.

From the date of Stewart's deed to Hamilton, in October, 1771, until the commencement of the suit by Sherrod against Hill, in June, 1804, a period of thirty-three years, the land in controversy was in the exclusive possession of Hamilton, and those deriving title under him. A possession for such a length of time, under title, was, by the statute of limitations of North Carolina, a conclusive bar against any suit by any adverse claimant, unless he was within some one of the exceptions or disabilities provided for by that statute.[a] The special verdict in this case does

a This statute, which was enacted in the year 1715, provides, (sec. 3.) "that no person or persons, or their heirs,

Somerville
v.
Hamilton.

not find either that Sherrod was or was not within those exceptions or disabilities. The case, therefore, stands, in this respect, purely indifferent. By the general principles of law, the party who seeks to recover, upon the ground of his being within some exception of the statute of limitations, is bound to establish such exception by proof, for it will not be presumed by the law. In the suit by Sherrod against Hill, it would have been sufficient for the defendant to have relied upon the length of possession as a statutable bar to the action; and the burthen of proof would have been upon Sherrod, to show that he was excepted from its operation. By analogy to the rule in that case, the proof of possession under title for thirty-three years, was presumptive evidence, and, in the absence of all conflicting evidence to remove the bar, conclusive evidence that the title of Hill,

which hereafter shall have any right or title to any lands, tenements, or hereditaments, shall thereunto enter or make claim, but within seven years after his, her, or their right or title shall descend or accrue; and in default thereof, such person or persons so not entering or making default, shall be utterly excluded and disabled from any entry or claim thereafter to be made." The 4th section contains the usual savings in favour of infants, &c., who are authorized, within three years after their disabilities shall cease "to commence his or her suit, or make his or her entry." Persons beyond seas are allowed eight years after their return: "but that all possessions held without suing such claim as aforesaid, shall be a perpetual bar against all and every manner of persons whatever, that the expectation of heirs may not, in a short time, leave much land unpossessed, and titles so perplexed that no man will know from whom to take or buy land." *Vide* Patton's lessee v. Easton, *ante, vol.* 1. p. 476.

under Hamilton, was so complete, that Sherrod's recovery could not have been by title paramount.

Certificate accordingly.