COMMONWEALTH *vs.* DENNIS DAILEY & another.

Upon a trial for a misdemeanor, if the defendants' counsel consent that one juror may be withdrawn, and the case proceed with the remaining eleven, which consent is duly entered of record, a verdict of guilty will not be set aside because rendered by only eleven jurors.

THE defendants were convicted before *Byington*, J., in the municipal court of Boston, for an assault upon an officer, and aiding a prisoner to escape. After the trial commenced, and evidence had been given to the jury, one of the jurors sworn was withdrawn at his request, by consent of the defendants' counsel, of the district attorney, and of the court, on account of the dangerous sickness of his father; and the verdict was returned by the remaining eleven, all which facts ·were stated upon the record. The defendants were present

Commonwealth *v.* Dailey & another.

in court at the time, but said nothing, nor did their counsel consult with them; but after verdict he filed a motion in arrest of judgment, which the presiding judge overruled, and the defendants excepted to his ruling.

*G. Bemis,* for the defendants.

*R. Choate,* (attorney-general,) for the commonwealth.

SHAW, C. J.   The precise question presented to us in this case is, whether a party on trial, charged with a misdemeanor, when a juror was necessarily withdrawn during the trial, and by the consent and request of counsel on the part both of the commonwealth and the accused, it was proposed and consented to, that the trial should proceed with eleven jurors, a judgment can be entered on the verdict.   The judge at first objected, and proposed a different course; but it was stated as the desire of the counsel for both parties, that the trial should proceed; it was assented to by the judge, and the trial proceeded accordingly.   It is not a question here, whether, under the constitution of the United States, and of this and many other states, declaring the right of jury-trial inviolate, there can be a jury legally constituted within these constitutional provisions, otherwise than of twelve men; nor whether the court can authoritatively order any other mode of trial, in cases civil or criminal; nor whether in criminal cases, any distinction can be made between felony and misdemeanor; nor indeed, whether it is competent for the legislature to provide by law for a jury of a smaller number than twelve, or authorize any other rule for governing their action than unanimity. These are very important questions, to be decided when they arise.

But supposing the law has duly provided, that a jury of twelve men shall be impanelled to try an indictment, the evidence is all in, and a juror dies, or becomes insane, — for we may state the exigency so strong, that it is impossible to proceed with the whole panel, — whether it is legal for the accused, to consent to proceed without the juror withdrawn; or to state the same question in a little different form, whether he may stipulate beforehand, on the record, that he will take no exception to such irregularity, and if he does, whether the

court cannot legally act upon it, and carry such stipulation into effect. We think they can.

It may be said, perhaps, that a criminal case is no trial of a party's rights; that it is for the interest of the public, in the administration of public justice, that no man shall be convicted or acquitted, otherwise than according to the course provided by law. Still, even in the administration of criminal law, many legal provisions are made for the security and benefit of the accused, and it may be for his interest and benefit to waive them. He may in the first place waive a trial altogether, and plead guilty. He may consent to admit legal instruments offered on the other side, without legal proof of execution, on the belief, perhaps, that the evidence will be beneficial rather than injurious to him. He is supposed to understand his own rights, or be aided by counsel competent to advise and act for him. In the case supposed, the accused may have been successful in laying before the jury all his evidence, which he may fear he cannot again obtain. A long time may elapse before he can have another trial, and it is important to him to have an early decision, on many accounts. In the admission and rejection of evidence, in many points in the conduct of a trial, parties and their counsel, we think, may be safely allowed to judge as to what they will insist on and what they will waive. Having so done, and taken their chance for a verdict, it would be inconsistent with ordinary good faith and fair dealing to turn round and insist on legal exceptions, which they had pledged themselves to the court that they would not take. *Fox* v. *Hazelton*, 10 Pick. 275. So, if a party has ground of exception to a juror, and knows it when the jury is impanelled, by not taking the objection he waives it. *Davis* v. *Allen*, 11 Pick. 466; *Hallock* v. *Franklin*, 2 Met. 558. When an agreement is made by the attorney in a case, not to bring a writ of error, the court will take notice of it and enforce it specifically as a step in the judicial proceeding. *Wright* v. *Nutt*, 1 T. R. 338. These are civil actions, not exactly in point; but they declare a principle which has a strong bearing. In a case of felony, where a party had a right by law to have time to ascertain the

indifferency of jurors,. by consenting that the question should be tried by the court, he waived his right to except. *People* v. *Rathbun,* 21 Wend. 509. The court in that case say, the principle is the same in felony, as that which binds in civil cases. Any agreement deliberately made, any plain assent express or implied, on the orderly conduct of a writ, or even an agreement to admit a material fact upon the trial, cannot be revoked. They cite the maxim of Lord Coke, 2 Inst. 183, *Quilibet potest renunciare juri pro se introducto,* as a maxim of universal application. He may waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court. A prisoner who defends by counsel, and silently acquiesces in what they agree to, is bound in the same manner as any other principal by the act of his agent. The principle that the right of trial by jury is placed on the footing of a *lex pro se introducta,* and that the benefit of it may therefore be relinquished, is strongly declared by the supreme court of the United States, in *Bank of Columbia* v. *Okely,* 4 Wheat. 235. In a recent English case, after a trial for conspiracy had commenced, a juror stated that he had been one of the grand jury who found the bill. The public prosecutor offered to withdraw the juror and proceed with eleven, which the counsel for the accused declined, and the trial proceeded. After conviction a motion was made for a new trial, on the ground that one of the grand jury was on the panel. The court overruled it, on the ground that after the exception became known to the accused, by proceeding with the trial, he waived it. *The Queen* v. *Sullivan,* 8 Ad. & El. 831. See also the opinion of Mr. Justice Thompson in the case of *United States* v. *Rathbone,* 2 Paine C. C. 538.

But it is asked, if consent will authorize a trial before eleven jurors, why not before ten, or six, or one. It appears to us, that it is a good answer to say, that no departure from established forms of trial in criminal cases can take place without permission of the judge, and no discreet judge would permit any such extravagant or wide departure from these salutary forms as the question supposes, nor any departure, unless upon some unforeseen or urgent exigency.

Under the circumstances of the case, the court are of opin-
ion, that on the trial of a conspiracy, supposing it an irregu-
larity to take the verdict of eleven jurors without the consent
of both parties, yet as it did not affect the jurisdiction of the
court, the exception was one that the accused might waive;
that having stipulated of record, that he would take no excep-
tion to such irregularity, he is now precluded from taking it,
and therefore that the verdict must stand.

*Motion in arrest overruled* [1]

---

[1] See, as cases decided since this decision, and relating to the same subject,
*Work* v. *State of Ohio,* 2 Bennett and Heard's Lead. Crim. Cas. 327 ; *Cancemi*
v. *The People,* 4 Smith (18 N. Y.) R. 128 ; *Commonwealth* v. *George Shaw,*
7 Am. Law Reg. 289.