Rex, J.
It appears from the record in this case, that the conveyance from Templeton to Kraner wa3 made on the-12th day of November, 1868; on which day the note for the purchase money, and the mortgage on the premises,, conveyed to secure its payment, were executed and delivered by Kraner and wife to Templeton.
The note matured in November, 1869, and between that-date and the commencement of this action the general assembly of this state passed an act amending section 557 of' the code of civil procedure (67 Ohio L. 116), under the provisions of which section, as amended, in addition to the-remedy provided for in the original section, a purchaser of real estate may, notwithstanding his continued possession,, set up, by way of counter-claim against the vendor, in an action brought by him dgainst such purchaser to recover the purchase money, any breach of the covenants of title acquired by the purchaser from the vendor, and make any persons claiming any estate or interest therein, adverse to-the title thus acquired from the vendor, parties to the action, and on the hearing, “be entitled to recourse against the plaintiff’s demand [for] the present worth of any existing lien or incumbrance thereon; and if the adverse estate or interest of the said claimants shall be an estate in reversion or remainder, or contingent upon a future event, the court may, at its discretion, require the vendee to surrender the possession to his vendor, upon the repayment of so-much of the purchase money as shall have been paid, thereon, with interest; or it may direct the payment of the *562 purchase money claimed in the action, upon the plaintiff’s .giving bond in double the amount thereof, with two or inore sureties, to be approved by the court, for the repayment of the same, with interest, if the defendant his privities of contract shall subsequently be evicted by reason •of said defect.”
It is quite obvious that the general assembly, in addition to the remedy provided in the original section 557, intended by this amendment, which is an addition to the the original section, so to enlarge the remedy of a purchaser of real estate that in an action by the -vendor, against him, to recover the purchase money, he can compel all defects of title, covenanted against, in the deed to him, to be litigated and determined in the action so brought, instead of being compelled to resort to separate and distinct actions, to accomplish the same object.
This act is in harmony with the theory of the code system of practice, and the question presented for determination here is, whether it is applicable to this case under the facts stated.
In the case of The Great Western Stock Co. v. Saas, decided at the present term, the court, in construing the last ■clause of the amended section, held that in so far as its provisions authorize the court, at its discretion, in cases where the canse of action accrued before the passage of the act, and where the adverse estate set up is an estate in reversion or l'emaindei’, to’ order a rescission of the conti’act, or to render judgment for the plaintiff only upon his giving .a bond to indemnify the defendant in the event of his eviction by the claimant of the estate in remainder or reversion, ■they impair the obligation of the contract between the parties, and are inhibited by section 28 of article 2 of the ■constitution of this state. In this case, however, the adverse estate set up by the mortgagor, is a title prior and paramount to the title acquired by the defendant from the plaintiff, by virtue of which the owner claims to be entitled to the immediate possession of a part of the premises conveyed by the plaintiff to the defendant.
*563 Before the passage of the act in question, under' this state of facts, the defendant, by a petition to quiet his title, could have brought the vendor and claimant into -court, required them to litigate as to the title, invoked the power of the chancellor to stay proceedings in the action by the vendor against him to recover the purchase money, until the question of title should be determined; and in the event of his eviction in the proceeding to quiet title, would have been entitled to recoup the damages sustained by him, by- reason of such eviction, against the claim of the vendor for the unpaid purchase money. The act, therefore, in so far as it permits an outstanding adverse title in fee simple to be set up by way of counter-claim, in an action by the vendor against the vendee to recover purchase money, and authorizes the claimant of the adverse estate to be made a party in the action, for the purpose of determining the rights and liabilities of all the parties in one and the same action, is remedial merely, and not in conflict with the constitutional provision before cited. The cause of action existing in favor of the vendor, at the time of the passage of the act, is not in any way changed or affected by it; but it gives to the vendee a new and additional remedy for a right which then existed — a right to demand of his grantor the performance of the covenants of his deed.
The principle, that the legislative power of the state has complete control over the remedies which shall be afforded to parties in the courts of the state, is so well' settled that argument is deemed unnecessary in support of it. The authorities relied upon as conclusive on this point, are Hays v. Armstrong, 7 Ohio, 248; Parker v. Sterling et al., 10 Ohio, 357; Johnson v. Bentley et al., 16 Ohio, 97; Lewis v. McElvain, 16 Ohio, 347; Trustees of Cuyahoga Falls R. E. A. v. McCaughey, 2 Ohio St. 153; Goshorn et al. v. Purcell, 11 Ohio St. 641; Rairden et al. v. Holden, Adm’r, 15 Ohio St. 207; Trustees of Green Tp. v. Campbell, 16 Ohio St. 11; Bank of Columbia v. Okely, 4 Wheat. 235; Mason v. Hall, 12 Wheat. 370; Van Zant v. Waddel, 2 Yerger, *564 260; Sampeyreac et al. v. United States, 7 Pet. 222; Cooley’s Const. Lim. 361, 362.
Regarding the act in question, so far as it is applicable-to the facts in this case, as remedial merely, and within the*control of the legislative power, we are of opinion that the facts stated in the answer of Kraner are sufficient to constitute a defense under the act, and that the court did not-err in overruling the demurrer of the plaintiff to it.
Numerous other errors are assigned by the plaintiff to-the decisions and rulings of the Court of Common Pleas,made in the progress of the case; but as it does not appear, either in the record set out in the plaintiff’s brief, or in the transcript of the proceedings in the Court of Common Pleas, that the plaintiff excepted to any of the rulings* or decisions made, except that overruling his demurrer toKraner’s answer, which is made the ground of the first assignment of error, he must be held to have relied on that-alone.
A decision or ruling of a court, not excepted to at the-time, can not be assigned for error in a reviewing court. Code, art. 5, tit. 9, and tit. 16; Geauga Iron Co. v. Street, 19 Ohio, 300.
The judgment of the District Court is affirmed, and the-cause remanded to the Court of Common Pleas of Hardin-, county for further proceedings.
Day, C. J., McIlvaine, Welch, and White, JJ., concurring.