**NATIONAL ACCEPTANCE COMPANY**

v.

**MYCA PRODUCTS, INC.**

Civ. A. No. 72–699 CA.

United States District Court,
W. D. Pennsylvania.

Sept. 9, 1974.

Walter Braham, Terence J. Anderson, Chicago, Ill., for plaintiff.

Allen S. Gordon, William D. Boyle, Pittsburgh, Pa., for defendant.

## OPINION: WAIVER OF RIGHT TO JURY TRIAL

KNOX, District Judge.

Plaintiff, National Acceptance Company of America, initially filed a civil action against defendant, Myca Products, Inc., on August 18, 1972, which has since been settled by stipulation between counsel. Defendant, however, also filed a counterclaim on November 29, 1972, seeking damages for an alleged breach of an oral agreement entered into during January 1967 and requested a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure. Plaintiff now moves to deny defendant's demand for a jury trial citing paragraph 5.6 of a Loan and Security Agreement entered into by the parties on October 28, 1970, which states in full:

> "In the event Lender [Plaintiff] seeks to take possession of any of the Collateral by replevin or other court process, Borrower [Defendant] hereby irrevocably waives (i) any bonds, and any surety or security relating thereto, required by any statute, court rule or otherwise as an incident to such possession and (ii) any demand for possession of the Collateral prior to the commencement of any suit or action to recover possession thereof. *Borrower and Lender hereby irrevocably waive the right to trial by jury with respect to any action in which Lender and Borrower are parties.*"
> [Emphasis added]

The issue presented is whether paragraph 5.6 of the Loan and Security Agreement constitutes an effective waiver by contract of defendant's Seventh

Amendment right to trial by jury. The case law suggests that there has been no effective waiver of this fundamental right.

■ The Seventh Amendment right to trial by jury is a fundamental right. Courts will narrowly construe any waiver of this right and will indulge in every reasonable presumption against waiver. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177 (1937).

There appears to be no United States Supreme Court or Third Circuit cases in point with the present case. The case which seems to be most closely in point is Rodenbur v. Kaufmann, 115 U.S.App. D.C. 360, 320 F.2d 679 (1963). In Rodenbur a tenant brought an action against her landlord for personal injuries resulting from a fall in a common hallway of her apartment building. The landlord moved to deny the tenant's demand for a jury trial citing a clause in the lease which provided:

> "It is mutually agreed by and between the Landlord and Tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the Tenant's use or occupancy of said premises, *and/or any claim of injury or damage*." [Emphasis added.]

Noting that the case was one of first impression in the D.C. Circuit, the court held that there was no valid waiver by contract of the tenant's right to trial by jury. 320 F.2d at 684. The court applied a rule of strict construction and, considering the text as a whole, found the language "and/or any claim of injury or damage" to apply only to matters arising out of the lease and premises actually demised. *Id.*

■ The present case involves a similar situation. Plaintiff contends

that the waiver applies to *any proceeding between the parties*, including the counterclaim in issue which is based on an oral agreement allegedly entered into some two years and nine months prior to execution of paragraph 5.6 of the Loan and Security Agreement. As in Rodenbur, the waiver language in paragraph 5.6 is broad. But by applying the rule of strict construction, the court can reasonably find that the waiver in issue relates only to "any action in which Lender and Borrower are parties" arising out of the Loan and Security Agreement. The waiver in question is located at the end of paragraph 5.6 which deals with the rights of the parties as to default and replevin. Plaintiff's argument would be stronger if the waiver were located in a separate paragraph clearly marked as "Waiver of Jury Trial in Any and All Actions Between Parties Arising at Any Time". But see Bank of Columbia v. Okely, 4 Wheat. 235, 4 L.Ed. 559 (1819). Application of the basic principle that ambiguities in a contract are construed against the drafting party supports the above construction of the waiver because plaintiff drafted the loan and security agreement.

Cases cited by plaintiff in support of its motion to deny defendant's demand for a jury trial can be distinguished from the present case. The case of Seligson v. Plum Tree, Inc., 361 F.Supp. 748 (E.D.Pa.1973), involved an action for an alleged violation of the antitrust laws stemming from a franchise agreement. Plaintiffs argued that the waiver of jury trial clause contained in the franchise agreement was invalid because the agreement itself was invalid as a violation of the antitrust laws. The court, however, held the waiver valid, terming plaintiffs' claim specious because it assumed the very facts to be proved. 361 F.Supp. at 758. Seligson is not in point with the present case because there the waiver dispute concerned the validity of the contract as a whole rather than the applicable scope of the waiver.

The case of McCarthy v. Wynne, 126 F.2d 620 (10th Cir.) cert. denied, 317 U.

S. 640, 63 S.Ct. 31, 87 L.Ed. 515 (1942), also is not in point. In McCarthy plaintiff brought an action against defendant for conversion of oil well supplies. During the course of litigation, the parties entered into a written agreement whereby plaintiff agreed to dismiss its case pending in the United States District Court for the Eastern District of Oklahoma, and defendant agreed to enter a general appearance before the United States District Court for the Western District of Oklahoma. The agreement also contained a waiver of trial by jury. The court held the waiver by contract valid and binding on the parties throughout the whole legal proceeding, including a subsequent remand. 126 F.2d at 623. McCarthy therefore is not in point because it involved a waiver by contract made during the course of litigation— the scope of the waiver clearly including the case before the court.

Finally, the case of Bank of Columbia v. Okely, 4 Wheat. 235, 4 L.Ed. 559 (1819), is not in point and may even support defendant's demand for a jury trial in the present case. In Bank of Columbia an Act of the State of Maryland incorporating the plaintiff bank provided for a summary process of execution before judgment for recovery of delinquent notes made expressly negotiable at the bank. It is important to note that although the Act deprived the debtor of jury trial prior to execution, the debtor did have a right to jury trial under the Act if he disputed the debt after return of the execution. The Court held that the Act did not violate the Seventh Amendment right to jury trial and noted:

" . . . this court would ponder long, before it would sustain this action, if we could be persuaded, that the act in question produced a total prostration of the trial by jury, or even involved the defendant in circumstances which rendered the right unavailing for his protection." 4 Wheat. at 243, 4 L.Ed. at 561.

The Court specifically noted that the Act in question granted a debtor the right of trial by jury upon demand after return of the execution. It would appear that plaintiff's contention in the present case —that defendant has waived by contract its right to a jury trial in any proceeding with plaintiff (see plaintiff's brief, page 2)—conflicts with the court's adverse view of total relinquishment of the right of trial by jury expressed in Bank of Columbia.

### ORDER

And now, to wit, September 9, 1974, after consideration of the briefs of the parties with respect to plaintiff's motion for denial of defendant's demand for a trial by jury, for reasons set forth in the foregoing memorandum,

It is ordered that said motion be and the same hereby is denied.