RICHARD S. ARNOLD, Circuit Judge,
with whom MCMILLIAN and WOLLMAN, Circuit Judges,
join, dissenting.
Officer Singleton did not have a fixed term of employment. He was an at-will employee. When he was fired, the city did not, until after litigation had commenced, give any reason for its action. Accordingly, Mr. Singleton had neither a “property interest” nor a “liberty interest” as those phrases have come to be understood in due-process jurisprudence. He has no procedural-due-process claim. He is not entitled to any kind of a hearing with respect to his discharge. The Court today holds that Mr. Singleton therefore, and automatically, has no substantive-due-process claim, no matter what reason the city had or gave for firing him. He could be fired for what his wife and daughter said to each other. He could be fired because his name starts with an “S.” He could be fired because of the color of his hair. In none of these instances would the Due Process Clause of the Fourteenth Amendment pose any obstacle.
In my view, this holding is based on a fundamental misunderstanding of the Due Process Clause as it has been interpreted for over a century by the Supreme Court. I therefore respectfully dissent. I have already attempted, at some length, to explain my reasoning, see Singleton v. Cecil, 155 F.3d 983 (8th Cir.1998) (opinion for the panel); Singleton v. Cecil, 133 F.3d 631, 635 (8th Cir.1998) (opinion dissenting from the first panel decision), and will try not to repeat myself here.
*431 The Due Process Clause declares that no state shall deprive any person of life, liberty, or property without due process of law. The words sound entirely procedural and could well have been interpreted that way, but that has not been the course of the law. The Supreme Court has traditionally recognized two kinds of due-process claims, substantive and procedural. Procedural-due-process claims are what they sound like — claims that a plaintiff has been deprived of something without the proper procedure. The claim is not that the plaintiff has a right to keep the thing in question at all events, but rather that the state cannot deprive him of it without some sort of hearing, either before or after the deprivation. The “property interest” and “liberty interest” concepts were developed in this context, and they make sense. In the case of the employment relationship, a “property interest” arises out of a contract that provides that I have a right to keep my job for a certain period of time, at least in the absence of misconduct or other specified circumstances. The “liberty interest” concept refers to the interest in my own reputation, and embodies the' right not to be stigmatized at the time of discharge, unless some sort of fair procedure establishes that the stigma is appropriate.
Substantive due process, on the other hand, has nothing to do with procedures, hearings, contracts of employment for fixed periods, stigmatizing reasons for dismissal, or any other particularized kind of governmental conduct. The concept is much more general. As the Supreme Court has recently explained, a substantive-due-process violation takes place when governmental power is exercised arbitrarily and oppressively. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 1716, 140 L.Ed.2d 1043 (1998). “[T]he substantive due process guarantee protects against government power arbitrarily and oppressively exercised.... ” Ibid. The Court’s opinion in Lewis cites cases all the way back to 1819 to support this interpretation of the meaning of due process. See, e.g., Bank of Columbia v. Okely, 4 Wheat. 235, 244, 4 L.Ed. 559 (1819): due process is “intended to secure the individual from the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice.” The concept is a general one. It is not susceptible of detailed formulation. It cuts across all limiting categories. The core of the idea is not that government can deprive me of the thing in question only if it follows certain procedures, but rather that government cannot, for the reasons given, deprive me of the thing in question at all. “Substantive due process” is certainly controversial, historically and academically, but the idea is firmly fixed in our jurisprudence.
The doctrine, to be sure, is not wholly disembodied from the words of the Fourteenth Amendment (or the Fifth, as the case may be). There is no free-floating right to due process. There is a right, instead, not to be deprived, without whatever process is due, of “life, liberty, or property.” Life and property are not at issue here. Liberty is. The Court’s position is that an at-will employee who is not discharged for a stigmatizing reason simply has no due-process claim, however arbitrary, egregious, or oppressive the conduct of his employer may have been.
The Supreme Court’s cases are wholly at odds with this conclusion. “Liberty,” as that term is used for substantive-due-process purposes, has never been a tightly controlled analytical concept. As the Court said in Bolling v. Sharpe, 347 U.S. 497, 499-500, 74 S.Ct. 693, 98 L.Ed. 884 (1954), “[ljiberty under law extends to the full range of conduct which the individual is free to pursue, and it cannot be restricted except for a proper governmental objective.” More particularly, liberty includes the right “to engage in any of the common occupations of life ..;" Meyer v. Nebraska, 262 U.S. 390, 399, 43 S.Ct. 625, 67 L.Ed. 1042 (1923). The Supreme Court’s employment cases make this clear. Cafe *432 teria & Restaurant Workers Union v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961), is a good example. The plaintiff was a short-order cook who lost her job when her security clearance was withdrawn. She was not deprived of anything beyond that particular job, but all nine members of the Court were nevertheless agreed that she was protected, in the substantive sense, from conduct that was patently arbitrary. Id. at 898, 81 S.Ct. 1743. The case was mainly about procedural due process, and the plaintiff lost her case, but not because the Court thought she had not been deprived of “liberty.” Rather, in the Court’s view, plaintiff had received all the process that was due. The reason given for her discharge, the withdrawal of a security clearance, was certainly not arbitrary, and, under all the circumstances, the Court felt that no hearing or other special procedure was necessary.
Another good example is Harrah Independent School District v. Martin, 440 U.S. 194, 99 S.Ct. 1062, 59 L.Ed.2d 248 (1979) (per curiam). This Court today cites Harrah as authority for its own position, see ante at 426, but, and I say this respectfully, the Court is simply wrong. Harrah was a case brought by a public-school teacher. She had been discharged for failure to comply with certain continuing-education requirements. She alleged that the application of these requirements to her was arbitrary and capricious, in the constitutional sense. The Supreme Court disagreed, explaining that the reasons given were not at all arbitrary. Plaintiff asserted both procedural and substantive theories under the Due Process Clause. Because she was a tenured teacher, and could be dismissed only for specified reasons, she was entitled to a hearing to determine whether any such reasons existed, and she had received that hearing. Her procedural claim was therefore rejected. Her substantive-due-process claim was then treated separately and also rejected, on the ground that the policy being applied to her was not irrational. The fact that the plaintiff had “tenure,” or a fixed contract of employment, was not mentioned at all in the course of the substantive-due-process analysis. Instead, the Court confronted and squarely decided the question whether the discharge had been arbitrary or irrational.
If there is any doubt as to my reading of Harrah, it should be dispelled by Judge Bowman’s opinion in Moore v. Warwick Public School District No. 29, 794 F.2d 322 (8th Cir.1986). Moore was also a case brought by an employee of a school district. He alleged two things: first, that because he had a one-year contract of employment, he was entitled to some sort of pre-termination process; and second, as a substantive-due-process claim, that he had been discharged for arbitrary and capricious reasons. We held that the latter theory stated a claim under the substantive aspects of the Due Process Clause. Harrah, we thought, was controlling on the point. When the Supreme Court formulated a rational-basis standard and reached the merits of Harrah’s claim, we said, “the Court necessarily recognized a substantive due process right to be free from arbitrary and capricious state action in this particular context.” 794 F.2d at 329. Nothing in our discussion of the substantive-due-process claim indicated that it turned on the fact that plaintiff had a property interest in his job. That fact was simply irrelevant.
The Court is concerned, and with good reason, about the breadth of this concept. If substantive due process is interpreted without a high degree of discretion and restraint, it will in due course engulf the whole world of the law. For this reason, both the Supreme Court and this Court have emphasized the necessity of great judicial restraint. In order to violate the Due Process Clause, governmental action must be more than merely “arbitrary” in some general or logical sense, more than merely “arbitrary and capricious” in the commonly accepted administrative-law sense of that phrase. The action must be “arbitrary in the constitutional sense,” Collins v. Harker Heights, 503 U.S. 115, *433 129, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) (emphasis supplied). “[F]or half a century-now we have spoken of the cognizable level of executive abuse of power as that which shocks the conscience.... [T]he substantive component of the Due Process Clause is violated by executive action only when it ‘can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.’ ” County of Sacramento, supra, 118 S.Ct. at 1717, quoting Collins, supra, 503 U.S. at 128, 112 S.Ct. 1061.
This Court has made the same point several times. In the zoning context, for example, we have distinguished between what might be called ordinary administrative-law allegations that a certain governmental action is arbitrary and capricious, and decisions that are truly irrational:
[S]ubstantive-due-process claims should be limited to “truly irrational” governmental actions. An example would be attempting to apply a zoning ordinance only to persons whose names begin with a letter in the first half of the alphabet.
Chesterfield, Dev. Corp. v. City of Chesterfield, 963 F.2d 1102, 1104 (8th Cir.1992), quoting Lemke v. Cass County, Nebraska, 846 F.2d 469, 472 (8th Cir.1987) (en banc) (Richard S. Arnold, J., concurring, in an opinion joined by half of the ten-member en banc Court). The solution to what might be called substantive-due-process sprawl is not to close , the door of the courthouse entirely. It is, instead, to be very careful about the circumstances in which the door is opened.
In an attempt, perhaps, to soften the blow, today’s opinion for the Court en banc tries to draw a distinction between what it sees as two kinds of substantive due process: the existence of a “ ‘fundamental’ occupational liberty interest,” the theory which, the Court says, plaintiff advances in this case, on the one hand, and the claim that governmental action shocks the conscience or offends judicial notions of fairness or human dignity, or, to use another formulation, is truly irrational, on the other hand. Ante, at 425 n. 7. If these are true distinctions, the law appears to be choking on its own verbal formulations. But, in fact, they are not. They are only ways of restating the same thing, using slightly different legal formulations. As the Supreme Court observed in County of Sacramento, in a passage already quoted, an action which is arbitrary, in the constitutional sense, and which, therefore, violates the Due Process Clause, is something that shocks the judicial conscience. Arbitrariness and conscience-shocking are not two different things. The Court implies that if Mr. Singleton had alleged that his discharge shocked the judicial conscience, or was truly irrational, he might have a case, despite the absence of a property or liberty interest. If this is a real distinction, it can truly be said that the en banc mountain has labored and brought forth a mouse. In fact, neither the plaintiff nor any of the previous opinions taking his side in this case have used the term “fundamental occupational liberty interest,” nor would it have mattered if they had. All of these formulations are admittedly imprecise (because there is no way of being precise about the subject) ways of saying the same thing: governmental action which inflicts upon the citizen any grievous wrong is unconstitutional under the Due Process Clause of the Fourteenth Amendment if it is utterly lacking in rational basis or fundamentally unfair for some other reason.
At no time does the Court today defend the reason given by the city for Mr. Singleton’s discharge. It simply rejects his suit because his job does not fit either the “property interest” or “liberty interest” categories, concepts which, as I have tried to show, make sense only with respect to procedural-due-process claims. “[T]he concepts of liberty and property interests are ... useful solely in the context of procedural due process.” Meis v. Gunter, 906 F.2d 364, 369 (8th Cir.1990).
I respectfully dissent.