EFFICIENT SOLUTIONS, INC. d/b/a
Proven Alternatives, Plaintiff,

v.

MEINERS' COUNTRY MART, INC.
d/b/a Meiners' Thriftway,
Defendant.

No. 99–2404–TUBRE.

United States District Court,
W.D. Tennessee,
Western Division.

July 19, 1999.

Gregory W. O'Neal, Farris, Mathews, Branan, Memphis, TN, for plaintiff.

Gregory G. Fletcher, Bradley E. Trammel, Baker, Donelson, Bearman, Memphis, TN, for defendant.

## ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY DEMAND

TURNER, District Judge.

Plaintiff filed this action in Tennessee state court, alleging that defendant breached its contractual obligations by failing to provide payment for plaintiff's services under a master service agreement and supplemental contract. Defendant removed the action pursuant to 28 U.S.C. § 1441 and filed a counterclaim alleging breach of contract, fraudulent inducement

and negligent misrepresentation. Defendant also demanded trial by jury. However, the master service agreement signed by the parties expressly waives trial by jury and based on that agreement, plaintiff has moved to strike defendant's jury demand.[1]

█ Although the right of trial by jury in civil actions is protected by the Seventh Amendment to the Constitution, that right may be waived by prior written agreement of the parties. *See K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir.1985). That waiver, however, must be knowing and voluntary. *Id.* at 756. When a contract contains an express jury waiver provision, the party objecting to that provision has the burden of demonstrating that its consent to the waiver was not knowing and voluntary. *Id.* at 758.

█ Defendant argues that the waiver was not knowing and voluntary because the waiver provision was not sufficiently conspicuous. In support of this contention, defendant notes that the waiver clause was located after the signature block under a paragraph titled "Miscellaneous" and was not set off by special font type or size. Indisputably, the waiver provision does not leap from the page. However, the problem with defendant's argument is that there is no evidence that it did not know of the waiver provision. Evidence that the provision was not glaringly obvious does not equate with a showing that defendant did not know the jury waiver was part of the contract. In short, defendant has failed to provide evidence that it was unaware of the waiver provision when it signed the contract.[2]

█ Defendant also argues the jury waiver provision is contradicted by the remedies portion of the contract which provides that defendant may "exercise all rights and remedies available at law or equity" in the event of default by plaintiff. Since trial by jury is one of the rights available to litigants, defendant argues that the waiver provision is unclear and ambiguous. The court disagrees. The only reasonable way to read the contract is to see the jury waiver provision as an exception to the portion of the contract preserving all rights and remedies available. Again, defendant has presented no evidence by affidavit or otherwise demonstrating that it believed the remedy provision rendered the jury waiver provision void. *Cf. id.* at 758 (refusing to enforce a jury waiver provision because K.M.C. presented evidence that Irving assured K.M.C. that the waiver would never be enforced, except in the case of fraud).

█ Defendant argues that even if the waiver provision is valid, the waiver does not apply to its counterclaims for fraudulent inducement and negligent misrepresentation. It cites to *National Acceptance Co. v. Myca Products, Inc.*, 381 F.Supp. 269 (W.D.Pa.1974), in which the court held that a jury waiver provision would not be enforced as to disputes outside the contract. Plaintiff does not challenge that holding, but merely claims that defendant's counterclaims are inextricably linked to the contract.

The court holds that the waiver applies to defendant's counterclaims. While defendant relies on *National Acceptance*, the facts of that case are quite distinguishable. In that case, the plaintiff sued alleging that defendant had breached a loan and

---

1. Paragraph 19 of the agreement provides in part: "Both parties waive the right to a trial by jury."

2. The court does not mean to imply that the waiver provision could be avoided based simply on a failure by defendant to notice the provision in the contract. In fact, *K.M.C. Co.* intimates that a mere claim that the waiver provision was not seen or understood is "in-

sufficient to overcome an inference from the objective circumstances surrounding the signing of the contract that the waiver was in fact knowing and voluntary." *Id.* at 757. However, the court need not decide this issue because defendant has provided no evidence that the waiver provision was not seen or understood.

security agreement that the parties had signed in 1970. The agreement contained a jury waiver provision. *Id.* at 269. Defendant filed a counterclaim relating to an alleged breach of an oral agreement entered into in 1967. Plaintiff's claim was settled, leaving only the counterclaim. *Id.* Plaintiff attempted to invoke the jury waiver provision from the security agreement to strike defendant's jury demand for its counterclaim. The court rejected that attempt, holding that the waiver applied only to actions arising out of the loan and security agreement. *Id.* at 270. Since the 1967 oral agreement was a separate transaction, the jury waiver from the 1970 agreement did not apply. *Id.*

While the defendant's counterclaim in *National Acceptance* was unrelated to the contract containing the jury waiver, the defendant's counterclaim in this case is directly related to the formation and operation of the contract containing the jury waiver clause. The particular language used by the parties states: "Both parties waive the right to a trial by jury." Despite the broadness of the language, it is implicit that the waiver only applies to a dispute between the parties relating to the subject matter of the contract, or arising out of the contract. The counterclaim clearly relates to the contract, and also arises out of the contract in that, but for the obligations assumed by the defendant in the contract, the defendant would have no claim for fraud in the inducement or negligent misrepresentation. Moreover, the fraud count seeks rescission of the contract, while the misrepresentation count seeks damages that allegedly were caused by virtue of the contract.

Because defendant's tort claims arise out of and relate to the contract and the negotiations which led to the contract, it is altogether appropriate to apply the contractual jury waiver clause. *See Telum, Inc. v. E.F. Hutton Credit Corp.,* 859 F.2d 835 (10th Cir.1988) (enforcing a jury waiver clause with respect to plaintiff's claims that the contract was procured through fraud and negligent misrepresentation); *see also Seligson v. Plum Tree, Inc.,* 361 F.Supp. 748, 758 (E.D.Pa. 1973) (holding that a claim that entire contract was illegal did not invalidate jury waiver provision because the issue to be litigated was the validity of the contract, which was an "action arising out of or in any way connected with the agreement"). The court holds that the waiver provision applies to defendant's counterclaims.

For the foregoing reasons, plaintiff's motion to strike defendant's jury demand is granted.