*254 Justice Scalia,
concurring in the judgment.
I agree with the Court that no statute or rule requires that petitioner personally participate in the waiver of his right to have an Article III judge oversee voir dire. As to whether the Constitution requires that, the Court holds that it does not because it is a decision more tactical than fundamental— “more significant to the realm of the attorney than to the accused.” Ante, at 253. I agree with the Court’s conclusion, but not with the tactical-vs.-fundamental test on which it is based.
Petitioner and the Government do not dispute that petitioner’s counsel consented to have a magistrate judge oversee voir dire. The issue is whether that consent — consent of counsel alone — effected a valid waiver of petitioner’s right to an Article III judge. It is important to bear in mind that we are not speaking here of action taken by counsel over his client’s objection — which would have the effect of revoking the agency with respect to the action in question. See Brookhart v. Janis, 384 U. S. 1, 7-8 (1966). There is no suggestion of that. The issue is whether consent expressed by counsel alone is ineffective simply because the defendant himself did not express to the court his consent.
I think not. Our opinions have sometimes said in passing that, under the Constitution, certain “fundamental” or “basic” rights cannot be waived unless a defendant personally participates in the waiver. See, e. g., Taylor v. Illinois, 484 U. S. 400, 417-418 (1988); United States v. Olano, 507 U. S. 725, 733 (1993). We have even repeated the suggestion in cases that actually involved the question whether a criminal defendant’s attorney could waive a certain right — but never in a case where the suggestion governed the disposition. In New York v. Hill, 528 U. S. 110 (2000), although we noted that “[f]or certain fundamental rights, the defendant must personally make an informed waiver,” id., at 114, we in fact found such a requirement inapplicable; and even that determination can be viewed as resting upon an interpre *255 tation of the statute creating the right that counsel had waived, see id., at 115. And in Florida v. Nixon, 543 U. S. 175 (2004), although we said that “counsel lacks authority to consent to a guilty plea on [his] client’s behalf,” id., at 187, our holding was simply that counsel’s concession of guilt to the jury did not amount to a guilty plea, id., at 188, and did not constitute ineffective assistance of counsel, id., at 192. As detailed in the margin, the decisions often cited for the principle of attorney incapacity are inapposite;[1] except for one line of precedent, no decision of this Court holds that, as a constitutional matter, a defendant must personally waive certain of his “fundamental” rights — which typically are identified as the rights to trial, jury, and counsel. The exceptional line of precedent involves the right to counsel. See Johnson v. Zerbst, 304 U. S. 458, 464-465 (1938). But that right is essentially sui generis, since an unrepresented *256 defendant cannot possibly waive his right to counsel except in person. Cases involving that right therefore provide no support for the principle that the Constitution sometimes forbids attorney waiver.
Since a formula repeated in dictum but never the basis for judgment is not owed stare decisis weight, see Lingle v. Chevron U S. A. Inc., 544 U. S. 528, 545-546 (2005), our precedents have not established the rule of decision applicable in this case. I would not adopt the tactical-vs.fundamental approach, which is vague and derives from nothing more substantial than this Court’s say-so. One respected authority has noted that the approach has a “potential for uncertainty,” and that our precedents purporting to apply it “have been brief and conclusionary.” 3 W. LaFave, J. Israel, N. King, & O. Kerr, Criminal Procedure §§ 11.6(a), (c), pp. 784, 796 (3d ed. 2007). That is surely an understatement. What makes a right tactical? Depending on the circumstances, waiving any right can be a tactical decision. Even pleading guilty, which waives the right to trial, is highly tactical, since it usually requires balancing the prosecutor’s plea bargain against the prospect of better and worse outcomes at trial.
Whether a right is “fundamental” is equally mysterious. One would think that any right guaranteed by the Constitution would be fundamental. But I doubt many think that the Sixth Amendment right to confront witnesses cannot be waived by counsel. See Diaz v. United States, 223 U. S. 442, 444, 452-453 (1912). Perhaps, then, specification in the Constitution is a necessary, but not sufficient, condition for “fundamental” status. But if something more is necessary, I cannot imagine what it might be. Apart from constitutional guarantee, I know of no objective criterion for ranking rights. The Court concludes that the right to have an Article III judge oversee voir dire is not a fundamental right, ante, at 250-252, without answering whether it is even a con *257 stitutional right,[2] and without explaining what makes a right fundamental in the first place. The essence of “fundamental” rights continues to elude.
I would therefore adopt the rule that, as a constitutional matter, all waivable rights (except, of course, the right to counsel) can be waived by counsel. There is no basis in the Constitution, or as far as I am aware in common-law practice, for distinguishing in this regard between a criminal defendant and his authorized representative. In fact, the very notion of representative litigation suggests that the Constitution draws no distinction between them. “A prisoner . . . who defends by counsel, and silently acquiesces in what they agree to, is bound as any other principal by the act of his agent.” People v. Rathbun, 21 Wend. 509, 543 (N. Y. Sup. Ct. 1839). The Rathbun opinion, far from being the outlier view of a state court, was adopted as the common-law position by eminent jurists of the 19th century, including Chief Justice Shaw of the Supreme Judicial Court of Massachusetts. See Commonwealth v. Dailey, 66 Mass. 80, 83 (1853) (discussing Rathbun with approval in a case involving waiver of the right to a 12-man jury).
It may well be desirable to require a defendant’s personal waiver with regard to certain rights. Rule 11(c) of the Federal Rules of Criminal Procedure, for example, provides that before accepting a guilty plea the court must “address the defendant personally in open court,” advise him of the conse *258 quences of his plea, and ensure that the plea is voluntary. See also Rule 10(b) (waiver of right to appear at arraignment must be in writing signed by counsel and defendant). I do not contend that the Sixth Amendment’s right to assistance of counsel prohibits such requirements of personal participation, at least where they do not impair counsel’s expert assistance.
Even without such rules it is certainly prudent, to forestall later challenges to counsel’s conduct, for a trial court to satisfy itself of the defendant’s personal consent to certain actions, such as entry of a guilty plea or waiver of jury trial, for which objective norms require an attorney to seek his client’s authorization. See, e. g., ABA Model Rule of Professional Conduct 1.2(a) (2007) (“In a criminal case, the lawyer shall abide by the client’s decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify”). But I know of no basis for saying that the Constitution automatically invalidates any trial action not taken by the defendant personally, though taken by his authorized counsel. I know of no way of determining, except by sheer prescription, which trial rights are ex ante and by law subject to such a limitation upon waiver. Assuredly the tactical-fundamental dichotomy does not do the trick. I would leave this matter of placing reasonable limits upon the right of agency in criminal trials to be governed by positive law, in statutes and rules of procedure.
I would hold that petitioner’s counsel’s waiver was effective because no rule or statute provides that the waiver come from the defendant personally.

 On the right to jury, Thompson v. Utah, 170 U. S. 343 (1898), held, at most, that the right was not waivable. Id., at 353-354. The Court later questioned whether Thompson even held that, and went on to hold that the right is waivable. See Patton v. United States, 281 U. S. 276, 293 (1930). The observation at the end of Patton that “before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant,” id., at 312, was dictum; the Patton defendants had all agreed to the waiver, id., at 286-287. Even less germane is Adams v. United States ex rel. McCann, 317 U. S. 269 (1942), which held only that an unrepresented defendant can waive his right to jury without the advice of counsel. Id., at 278-279.
On the right to trial, Brookhart v. Janis, 384 U. S. 1 (1966), held only that a defendant’s expressed wish to proceed to trial must prevail over his attorney’s contrary opinion. See id., at 7-8. Other decisions have said that waiver of the right to trial must be knowing and voluntary, see, e. g., Brady v. United States, 397 U. S. 742, 748 (1970), but waiver by counsel was not at issue in those cases. Even if, in the case of waiver by counsel, the knowing and voluntary requirement applies to the defendant himself, that still permits counsel to waive on behalf of an informed and agreeing client. Equally inapposite is Boykin v. Alabama, 395 U. S. 238 (1969), which held that a knowing and voluntary waiver of the right to trial cannot be inferred from a silent record. Id., at 244.

 We have avoided addressing whether the right has a basis in the Constitution. In Gomez v. United States, 490 U. S. 858 (1989), we interpreted the Federal Magistrates Act, 28 U. S. C. § 636(b)(3), not to permit a magistrate judge to oversee voir dire, 490 U. S., at 875-876, making it unnecessary to consider whether there was a constitutional right to have an Article III judge oversee voir dire. In Peretz v. United States, 501 U. S. 923 (1991), we held that judicial overseeing of the voir dire had been waived, id., at 936-937, which obviated having to decide whether it was a constitutional right. See United States v. Olano, 507 U. S. 725, 732-733 (1993) (waiver extinguishes the error of not complying with a legal rule).