**Alexander CRAWFORD**

v.

**Paul DOMINIC et al.**

**Civ. A. No. 76–1470.**

United States District Court, E. D. Pennsylvania.

Nov. 30, 1979.

Richard P. Weishaupt, Community Legal Services, Philadelphia, Pa., for plaintiff.

Paul Sacks, Asst. City Sol., Philadelphia, Pa., for defendants.

MEMORANDUM ORDER

POLLAK, District Judge.

Following a pre-trial conference on August 17, 1976, Judge Fogel entered an Order, pursuant to the agreement of all parties, which noted that the defendants had withdrawn their demand for a jury trial and that the "case shall proceed before the Court alone, sitting without a jury, all parties having waived the right to a jury trial."

In a motion filed November 20, 1979, defendants have again demanded a jury trial.

■ Although the defendants are correct in asserting that the federal courts will indulge every reasonable presumption against finding a jury trial waiver, *Aetna Insurance Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177 (1937); *National Acceptance Company v. Myca Products, Inc.*, 381 F.Supp. 269 (W.D.Pa.1974), Judge Fogel's Order removes any doubt that defendants waived that right so there is no breathing-room for that presumption in this litigation.

■ Insofar as defendants' motion concedes that it had withdrawn its jury trial demand, but seeks relief from that waiver, it is sufficient to note that the judicial reluctance to grant relief from the inadvertent failure to make a timely demand under Federal Rule of Civil Procedure 38(b), See 5 *Moore, Federal Practice* ¶ 39.09, can only be magnified when, as here, the waiver was knowingly and explicitly declared. In any event, the fact that defendants are now represented by an attorney other than the one in charge of the case when the waiver was made provides no persuasive ground for the relief sought.

■ Defendant points out that its Amended Answer, filed October 12, 1976, contained the indorsement "Twelve Member Jury Trial Demanded" and asserts that it has a right to a jury on any new issues raised by those amended pleadings. Amendment, however, does not revive a right, previously waived, to demand a jury trial on issues framed in earlier pleadings. Defendants' Amended Answer concerns the same conduct and the same general area of dispute which was the subject of the initial answer. No "new issues," as that phrase has been understood in this context, were introduced. *Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir. 1977). Defendants' Motion for Jury Trial is, therefore, DENIED.