**CARDIO–MEDICAL ASSOCIATES, LTD., et al., Plaintiffs,**

v.

**CROZER–CHESTER MEDICAL CENTER, et al., Defendants.**

Civ. A. No. 81–3050.

United States District Court,
E. D. Pennsylvania.

Aug. 26, 1982.

Howard Richard and Lyn B. Schoenfeld, Media, Pa., David Berger, Philadelphia, Pa., for plaintiffs.

John W. Wellman, Media, Pa., H. Robert Halper, Washington, D. C., for Crozer-Chester Medical Center.

H. Robert Fiebach, Roberta Liebenberg, Philadelphia, Pa., for Cardiology Assoc.

## OPINION

JOSEPH S. LORD, III, Senior District Judge.

Plaintiffs filed their original complaint in this complicated denial of hospital staff privileges case on July 30, 1981. On March 15, 1982, pursuant to defendants' motion for judgment on the pleadings, I dismissed Count II of plaintiffs' original complaint with prejudice and dismissed Count I of plaintiffs' original complaint without prejudice, granting leave for plaintiffs to file an amended complaint within sixty days. 536 F.Supp. 1065. On May 13, 1982, plaintiffs filed an amended complaint stating more specifically the identical claims alleged in Count I of the original complaint.

In their amended complaint, for the first time in these proceedings, plaintiff demanded a jury trial on all issues raised in their amended pleading. All defendants have now moved to strike plaintiffs' jury trial demand on the ground that plaintiffs' demand is untimely. For the reasons that appear more fully below, I grant defendants' motion and order plaintiffs' demand for trial by jury be stricken.[1]

Rule 38(b) of the Federal Rules of Civil Procedure provides as follows:

---

1. Also pending at this time, but not addressed at all in this opinion, are four outstanding discovery motions and defendants' rule 12(b)(1) motion to dismiss. The discovery motions are not addressed as I have stayed all discovery in this action pending resolution of the other outstanding motions in the case. I will dispose of defendants' motion to dismiss later.

(b) *Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party. Subsection (d) of rule 38 further provides as follows:

(d) *Waiver.* The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. . . .

■ Under rule 38, in a case in which the only pleadings are the complaint and answer, any demand for jury trial must be served not later than ten days after service of the answer. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2320, at 92 (1981). Because plaintiffs in this case sued a number of defendants, two answers were filed to plaintiffs' original complaint: one on August 24, 1981 and one on October 29, 1981. Under rule 38, plaintiffs were therefore required to serve their demand for jury trial no later than November 11, 1982.[2] Plaintiffs did not, however, serve their demand for a jury trial until May 13, 1982, the date on which they filed their amended complaint. Defendants argue that this demand is untimely and therefore ineffective.

■ It is well settled that, if the original pleadings in an action effectively waive trial by jury under rules 38(b) and (d), the right to trial by jury of all matters contained in those pleadings cannot be revived by subsequent amendment of the original pleadings. *See, e.g., Walton v. Eaton Corp.,* 563 F.2d 66, 71 (3d Cir. 1977) *(en banc); Crawford v. Dominic,* 85 F.R.D. 33 (E.D.Pa.

1979); 5 J. Moore, *Moore's Federal Practice* ¶ 38.39(2), at 38–353 (1982). The only exception to this general rule that amendment of a pleading does not revive a previously waived right to demand a jury trial is in a case in which the amended pleading raises new issues not raised by the original pleading. *See* 5 J. Moore, *Moore's Federal Practice* ¶ 38.39(2), at 38–354 (1981). That exception, however, is concededly inapplicable in the instant case.[3]

■ Plaintiffs have responded to defendants' motion to strike plaintiffs' demand for a jury trial with an innovative argument. Plaintiffs argue that, because this court dismissed plaintiffs' *entire* complaint on March 15, 1982, there was no pending case before this court. As a result, plaintiffs seek to distinguish all existing rule 38 precedents as dealing solely with revival of a jury trial right upon amendment of a *pending* complaint. In support of this proposition, plaintiffs cite the well-settled rule that "dismissal without prejudice operates to leave the parties as if no action had been brought at all." *Moore v. St. Louis Music Supply Co., Inc.,* 539 F.2d 1191, 1194 (8th Cir. 1976). *Accord, Le Compte v. Mr. Chip, Inc.,* 528 F.2d 601, 603 (5th Cir. 1976); *Bomer v. Ribicoff,* 304 F.2d 427, 428 (6th Cir. 1962); *White v. City of Suffolk,* 460 F.Supp. 516, 521 (E.D.Va.1978); *Selas Corp. of America v. Wilshire Oil Company of Texas,* 57 F.R.D. 3, 6 (E.D.Pa.1972). *See generally* 5 J. Moore, *Moore's Federal Practice* ¶ 41.-05[2] (1982). Thus, plaintiffs argue that this court's March 15, 1982 involuntary dismissal of plaintiffs' entire original complaint operated to erase plaintiffs' waiver of their right to a jury trial on their original complaint.

Although innovative, I decline to accept plaintiffs' argument. As an introductory

---

**2.** This date is thirteen days after service of the last filed answer as a result of the provisions of Federal Rule of Civil Procedure 6(e) allowing three days for service by mail.

**3.** I use the word concededly as plaintiffs do not even attempt to argue that their amended complaint raises any new issues not covered by the original pleading. Even if plaintiffs disputed

this contention, however, I would hold that plaintiffs' original and amended complaints state precisely the same causes of action. The issues in the original complaint and the amended complaint "turn on the same matrix of facts." *Las Vegas Sun, Inc. v. Summa Corp.,* 610 F.2d 614, 620 (9th Cir. 1980).

matter, I note that this entire dispute turns on the potential distinctions for rule 38 purposes between two related procedures: the involuntary dismissal without prejudice of plaintiffs' complaint coupled with a simultaneous grant of leave to amend versus the denial of defendants' motion for judgment on the pleadings without prejudice coupled with a simultaneous granting to plaintiffs of leave to amend the complaint. My review of the case law disclosed no inclination by appellate courts to distinguish between these two concepts. *See Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *Tuley v. Heyd,* 482 F.2d 590, 594–95 (5th Cir. 1973). *See also Borelli v. City of Reading,* 532 F.2d 950, 951 (3d Cir. 1976) ("we suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time"). *Cf. Pinkard v. Pullman-Standard,* 678 F.2d 1211, 1218 (5th Cir. 1982) ("to distinguish such an action, once dismissed and then renewed, from an action where the defect is cured while the action remains pending is to distinguish between a glass half full and a glass half empty").[4]

■ With this introductory statement in mind, I note the following circumstances in support of my conclusion that plaintiffs' May 13, 1982 complaint is an amended pleading in their original action and not a new action for purposes of rule 38. First, the cases relied on by plaintiffs for the proposition that dismissal without prejudice operates to leave the parties as if no action had been brought are not applicable to the instant case. In all cases cited by plaintiff, and in all cases cited in Professor Moore's treatise, the dismissals without prejudice of the original complaints were pursuant to motions for voluntary dismissal under Federal Rule of Civil Procedure 41(a). The

dismissal in this case, however, followed a motion for judgment on the pleadings by defendants. It has always been my view that the major purpose of a rule 41(a) voluntary dismissal without prejudice is to permit a plaintiff to bring a completely new suit without fear that his action in dismissing his original complaint will have a res judicata effect on the new case. In this case, my involuntary dismissal of plaintiffs' original complaint did not entitle them to bring an entirely new action; my order clearly permitted them only to file an amended complaint in the same action already initiated.

Second, although not determinative, it is clear from both my opinion and plaintiffs' papers following my opinion, that all parties involved understood the May 13, 1982 pleading to be an amended complaint in the original action. Thus, my March 15, 1982 order gave plaintiffs a specified amount of time within which to file an "amended complaint." Plaintiffs themselves have subscribed to this characterization of their second pleading by entitling the document "Amended Complaint." Finally, plaintiffs' responsive brief to defendants' rule 12(b)(1) motion to dismiss explicitly states that "Plaintiffs' . . . originally commenced *this action* on July 30, 1981." Plaintiffs' Memorandum in Opposition to Defendants' Joint Motion to Dismiss at. 1 (emphasis added).

Third, the way in which plaintiffs and the Clerk's Office handled the filing of plaintiffs' May 13, 1982 pleading supports my conclusion that that pleading was merely an amended complaint in Civil Action No. 81–3050. Thus, service of the amended complaint was made simply by mailing a copy of it to defendants' counsel; defendants were not personally served with any summons as they would be in a new action;

4. In their responsive brief to defendants' motion to strike plaintiffs' demand for a jury trial, plaintiffs argue that if the March 15, 1982 involuntary dismissal of plaintiffs' original complaint does not operate to erase plaintiffs' possible waiver of their jury trial right, it may be that the controlling date for the statute of limitations in this case is July 30, 1977 (four years before the date of filing of the original com-

plaint), and not May 13, 1978 (four years before the date of filing of the amended complaint). *Cf. Gordon v. Green,* 602 F.2d 743, 747 (5th Cir. 1979) (filing of an amended complaint following an involuntary dismissal without prejudice of an original complaint relates back to the original filing date). I need not reach this issue to decide defendants' motion.

plaintiffs did not pay an additional filing fee as they would be required to do were they filing a new action; the amended complaint was assigned the same docket number as the original complaint, and the amended complaint was sent to the same judge who had presided over the initial proceedings without any certification that the case was related to any previous action.

■ My conclusion is supported, although not compelled, by the Southern District of New York's decision in *Southern Equipment Co. v. Christensen,* 40 F.R.D. 126 (S.D. N.Y.1966). In *Southern Equipment,* the second cause of action in plaintiffs' original complaint was dismissed by the court and plaintiff was granted leave to file an amended complaint. When plaintiff filed its amended complaint, the same cause of action as set forth in its original complaint was reiterated, albeit in greater detail. Plaintiff served its jury demand within ten days of the filing of defendants' answers to the amended complaint, but twenty-one days after service of the last answer to the original complaint. The court granted defendants' motion to strike plaintiffs' jury demand on the grounds that said demand was untimely.[5]

Because I find that plaintiffs waived their right to demand a trial by jury by not making such a demand under rule 38 before November 11, 1981, because I am not persuaded that my involuntary dismissal of Count I of plaintiffs' amended complaint should have the effect of nullifying that waiver, and because I am not persuaded by plaintiffs' innovative argument that their amended complaint was, for rule 38 purposes, a new cause of action, I grant defendants' motion to strike plaintiffs' demand for a jury trial. An appropriate order follows.

---

[5] I note that the fact that a party changes counsel during the course of the proceedings and is represented by new counsel for the filing of an amended complaint is not a persuasive reason for granting relief from any waiver of the right to jury trial. *See Crawford v. Dominic,* 85 F.R.D. 33, 34 (E.D.Pa.1979).