James **HENDERSON** and Rosemary Henderson, h/w, Plaintiffs,

v.

**HARRAH'S MARINA HOTEL CASINO, Defendant.**

Civ. A. No. 85–2863.

United States District Court, E.D. Pennsylvania.

March 10, 1986.

Lawrence R. Diamond, and Jay Lawrence Fulmer, Edelstein, Fulmer, Mintzer

& Diamond, Philadelphia, Pa., for plaintiffs.

James P. Dougher, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, Pa., for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

This is a personal injury action removed from the Court of Common Pleas of Philadelphia County. Defendant moves to strike plaintiffs' reference to trial by jury for the first time in their pretrial memorandum as an untimely and "oblique" demand for jury trial.

When a civil case is removed from state court before all the necessary pleadings have been served, Fed.R.Civ.P. 38 governs the time in which to demand a jury. 9 C. Wright and A. Miller, *Federal Practice and Procedure* § 2319 at 88–89 (1970). Plaintiffs commenced their suit by praecipe in state court on April 15, 1985 and filed their complaint on June 28, 1985. Defendant had petitioned for removal on May 21, 1985 (amended July 2, 1985), and filed its answer and affirmative defenses on July 3, 1985. Accordingly, Rule 38 applies.

■ Under Rule 38, demand for jury trial must be filed and served no more than ten (10) days after "service of the last pleading directed to such issue." Where the only pleadings are the complaint and the answer, the jury demand must be made within ten (10) days of service of the answer, *Cardio-Medical Assoc., Ltd. v. Crozer-Chester Medical Center*, 95 F.R.D. 194, 196 (E.D.Pa.1982), *aff'd*, 721 F.2d 68 (3d Cir.1983), or within thirteen (13) days when the answer is served by mail, 95 F.R.D. at 196. Failure to demand a jury in accordance with Rule 38(b) waives the right to jury trial even if the failure is due to unfamiliarity with the Federal Rules. *Bank Building & Equipment Corp. v. Măch. Local 677, Federal Credit Union*, 87 F.R.D. 553, 555 (E.D.Pa.1980).

■ On July 3, 1985, defendant sent its answer to plaintiffs via first-class mail. Under Rule 38, plaintiffs had thirteen (13) days within which to demand a jury. *Cardio-Medical Assoc., Ltd.*, 95 F.R.D. at 196. Plaintiffs not only failed to endorse the complaint with a demand for jury trial but also failed to make any other timely and effective jury demand. Plaintiffs contend that their preliminary pretrial conference status report, submitted prior to the preliminary pretrial conference, made reference to a jury trial. No doubt that is why the Rule 16 scheduling Order, following the conference, marked the case for trial by jury. But whether this is an effective substitute for making a jury demand "by serving upon the other parties a demand therefor in writing," Fed.R.Civ.P. 38, is irrelevant because any such "demand" was not made until September, 1985, *i.e.*, some two (2) months—not thirteen (13) days—from the date that defendant's answer was served by mail on plaintiffs.

■ Plaintiffs also contend that when defendant's attorney filled in the form entitled "Civil Cover Sheet" on removal, defendant made a jury demand by checking the appropriate box. However, this form states explicitly that completing the "Civil Cover Sheet" neither replaces nor supplements the filing of pleadings or other papers as required by law and that the jury box is to be checked only if a jury has been demanded in the complaint.

■ Under Fed.R.Civ.P. 81(c), a party who prior to removal has made an express demand for jury trial in the state proceeding, as required by state law, need not repeat its demand upon removal. Alternatively, if the party is not required by state law to make an express jury demand, that is, if a jury would be granted without demand, it is not necessary to repeat the demand upon removal, although the removing court has discretion to request a party to repeat its demand. 9 C. Wright and A. Miller *Federal Practice and Procedure* § 2319 at 89. Pennsylvania law does not provide automatically for jury trials; the party desiring a jury must file and serve a written demand therefor no more than twenty (20) days after service of the last

permissible pleading. Pa.R.Civ.P. 1007.-1(a). Plaintiffs made no such demand. Indeed, they endorsed the praecipe for a writ of summons with the notation, "nonjury." Although plaintiffs contend that local rules of court required this endorsement, they do not cite such a rule or explain this assertion. A state court docket also states "jury trial waived." Plaintiffs thus are not entitled to a jury under Fed.R.Civ.P. 81(c).

█ The motion to strike a jury trial as of right is granted. However, in all actions not triable of right by a jury, the court upon motion or on its own initiative may try any issue with an advisory jury, Fed.R. Civ.P. 39(c).* The court will determine whether to do so in this case after giving the parties an opportunity to be heard at the final pretrial conference now rescheduled for April 4, 1986 at 4:30 p.m. It will be so ordered.

---

* Federal Rule of Civil Procedure 39(c) provides: "[I]n all actions not triable of right by a jury the court ... of its own initiative may try any issue with an advisory jury...." Although this language could be interpreted to exclude actions triable as of right in which the right has been waived, the better view is to permit an advisory jury in such cases. 5 J. Moore, J. Lucas, and J. Wicker, *Moore's Federal Practice* § 39.10[1] (2d ed. 1948 and Supp.1985) (citing by way of illustration *American Lumbermen's Mutual Casualty Co. of Illinois v. Timms & Howard, Inc.*, 108 ⊓ ꓵd 497 (2d Cir.1939) ). "In effect the trial is a court trial, for the jury acts merely as an aid to the judge, since he must make his own findings of fact and conclusions of law and must bear the ultimate responsibility for the judgment." 5 J. Moore, J. Lucas, and J. Wicker, *Moore's Federal Practice* at 39.10[1] (footnotes omitted).