UNITED STATES of America, Plaintiff,

v.

Harry C. JONES, et al., Defendants.

Civ. No. 92–1563.

United States District Court,
D. New Jersey,
Camden Vicinage

Aug. 19, 1994.

Letter Opinion and Order On
Reconsideration Oct. 11, 1994.

Louis James Bizzarri, U.S. Atty's Office, Camden, NJ, Charles M. Flesch, U.S. Dept. of Justice, Trial Atty. Tax Div., Washington, DC, for U.S.

Harry C. Jones, pro se.

Janet E. Jones, pro se.

David Claude Patterson, Maressa, Goldstein, Birsner, Patterson, Drinkwater & Oddo, Berlin, NJ, for Atco Sav. & Loan Ass'n.

ROSEN, United States Magistrate Judge.

### LETTER OPINION AND ORDER

Dear Counsel and Litigants:

Presently before this court is the motion of counsel for the plaintiff, Louis J. Bizzarri, Assistant United States Attorney, for an order striking the defendant Harry Jones' May 16, 1994 demand for a jury trial in this matter. This is an action in which the United States seeks in Count I to obtain a judgement against defendant Harry Jones for certain federal income tax assessments, in Count II to set aside a conveyance of real property between defendants Harry Jones and Janet Jones, alleged to have been fraudulent, and in Count III to obtain a writ of execution against said real property equal to one-half of its imputed rental value, to be credited as against the income taxes alleged to be owed by Harry Jones.

The complaint in this matter, containing Counts I and II, was filed on April 6, 1992. Defendant Janet Jones answered the complaint by letter in July, 1992, and defendant Harry Jones, by leave of court, filed his answer to the original complaint on March 4, 1994, almost two years after the initiation of this action. In neither response was a demand for a jury trial made.

On April 19, 1994, the plaintiff was granted leave to file an amended complaint. The amended complaint was filed on April 25, 1994, and served on the defendants on April 22, 1994. The amended complaint served to update the amount of the tax and interest liability alleged against the defendants (as a result of the passage of time since initiation of the action), and added Count III.

On March 31, 1994, apparently in response to an unfiled copy of the proposed amended complaint, and without awaiting this court's decision of the plaintiff's motion to amend, defendant Harry Jones filed a "supplemental answer to amended complaint." This response did not contain a jury trial demand.

On May 16, 1994, six weeks after responding to the amended complaint, without consent to the plaintiff or leave of this court, defendant Harry Jones served a "supplemental answer to amended complaint addendum," which provided a further response to the plaintiff's amended complaint. This "supplemental answer," two years and one month after the initiation of this action, and 24 days after service of the amended complaint contained, for the first time in this matter, a demand for a jury trial.

The plaintiff argues that the defendant Harry Jones' May 16, 1994 jury trial demand

should be struck because, as to all counts, it is untimely, and as to Counts II and III, as a matter of law, a jury trial is unavailable. It should be noted that the jury trial demand at issue has been made solely by defendant Harry Jones, and that defendant Janet Jones has made no jury trial demand at any time in this matter.

The plaintiff first argues that, since Harry Jones did not file *any* answer in this matter until March 4, 1994, at the direction of the court, more than two years after the service of the complaint, and made no jury trial demand at that time, Mr. Jones waived his right to a jury trial as to any issues triable before a jury. Rule 38 of the Federal Rules of Civil Procedure addresses the availability of trial by jury in federal civil actions, and provides:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).

*Fed.R.Civ.P.* 38(b). The Rule further provides that:

> The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury....

*Fed.R.Civ.P.* 38(d). In the instant matter, it is undisputed that the only demand made by Mr. Jones for a jury trial was contained in his May 16, 1994 "supplemental answer to amended complaint addendum." Without considering at this time whether this responsive pleading was properly made—in view of the existence of Mr. Jones' prior March 31, 1994 response to the amended complaint, and his failure to obtain either consent of the plaintiff or leave of this court—it is undisputed that it is the first and only demand made for a jury trial in this matter.

■ Rule 38(b) requires that a demand for jury trial be made within ten days of the service of "the last pleading directed to such issue," and Rule 38(d) provides that if it is not, such failure "constitutes a waiver by the party of trial by jury." A party desiring to exercise its right to a jury trial must do so affirmatively and in a timely manner: "The right to a jury trial is not automatic. If not timely demanded, the right is waived." *General Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 195 (4th Cir.), *cert. denied*, 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964).

■ Except where an amended pleading raises a new issue, not previously contained within the original pleading, a waiver of a trial by jury as to the original complaint is irrevocable:

> It is well established that if the original pleadings in an action effectively waive trial by jury under Fed.R.Civ.Proc. 38(b) and (d), the right to trial by jury of all matters contained in those pleadings cannot be revived by amending the original pleadings.

*Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir.1977) (en banc). *See also Cardio–Medical Associates, Ltd. v. Crozier–Chester Medical Center*, 95 F.R.D. 194, 196 (E.D.Pa.1982), *aff'd*, 721 F.2d 68 (3d Cir.1983); *Crawford v. Dominic*, 85 F.R.D. 33 (E.D.Pa.1979). Thus, a demand for a jury trial in this matter, as to those issues contained in the complaint to which Mr. Jones filed his original answer, must have been made no later than ten days after the filing of that answer. *Id.* The fact that the plaintiff sought leave of court to amend the complaint, and later did amend the complaint, does not serve to permit the defendant a second chance at demanding a jury trial once waived. Of course, a jury trial may be demanded as to any new issues raised by an amendment, to the extent that a jury trial is available on such issues, "but the amendment does not revive a right, previously waived, to demand jury trial on the issues already framed by the original pleadings." 9 C. Wright & A. Miller, Federal Practice and Procedure § 2320 at 94–95 (1971).

With the exception of Count III, no new issues are raised by the plaintiff's amended complaint; the remainder of plaintiff's amendment, as already noted, serves only to revise the amount alleged to be owed by the defendants in tax and interest, accounts for the passage of time since the filing of this action, and raises no new issues.

The defendant filed his original answer to the plaintiff's complaint on March 4, 1994, almost two years after the filing of the complaint. Mr. Jones did not file his demand for a jury trial until May 16, 1994, 73 days after his answer to the complaint, far in excess of ten days "after the service of the last pleading directed to such issue." The jury demand as to those counts was first made by Mr. Jones 63 days beyond the 10 days deadline established by Rule 38(b). As to both Counts I and II, both of the original and the amended complaint, the defendant has unquestionably waived his right to have those issues tried to a jury.

■ With respect to Count III, which constitutes a "new issue" with the amended complaint, the call is closer, but still indicates that the plaintiff has waived his right, if any, to have Count III tried to a jury. Mr. Jones filed his original response to the amended complaint on March 31, 1994, apparently believing that the motion to amend had already been granted, and the amended complaint filed. The jury demand, again, filed on May 16, 1994, was made 46 days following the service of his original answer to the amended complaint. Again, with respect to Count III, contained only in the plaintiff's amended complaint, Mr. Jones' jury trial demand is clearly out of time, and the defendant has waived his right to a jury trial, if any, as to this count.

■ The plaintiff also raises the issue as to whether the defendants are entitled, as a matter of law, to have either Count II or Count III tried to a jury. Counsel argues that the claims contained in both those counts are equitable in nature, and thus are claims for which a jury trial does not exist. Count II seeks to set aside the conveyance of Mr. Jones' interest in the real property in question to Mrs. Jones, and alleges that this conveyance was fraudulent. Count III seeks to foreclose upon Mr. Jones' one-half interest in the real property in the enforcement of the plaintiff's tax lien under 26 U.S.C. § 7403. Both of the claims contemplated by Counts II and III, asserts the plaintiff, are equitable in nature, and are thus not triable to a jury.

■ The United States Supreme Court, in *Granfinanciera, S.A. v. Nordberg,* established the standard for determining whether a claim is legal or equitable in nature, and held that "[t]he Seventh Amendment protects a litigant's right to a jury trial only if a cause of action is legal in nature and it involves a matter of 'private right.'" 492 U.S. 33, 42 n. 4, 109 S.Ct. 2782, 2790 n. 4, 106 L.Ed.2d 26 (1989). The Third Circuit in *Billing v. Ravin, Greenberg & Zackin, P.A.,* in its discussion of *Granfinanciera,* explained that the Supreme Court views the Seventh Amendment's invocation of the phrase "suits at common law" to encompass actions at law, and not those in equity, and thus "no jury right attaches to equitable claims." 22 F.3d 1242, 1245 (3d Cir.1994). *See also United States v. Berk & Berk,* 767 F.Supp. 593 (D.N.J.1991); *Rozelle v. Connecticut General Life Ins. Co.,* 471 F.2d 29 (10th Cir.1972), *cert. denied,* 411 U.S. 921, 93 S.Ct. 1549, 36 L.Ed.2d 314 (1973). In determining whether a jury trial is available for any particular cause of action—unless specifically provided in the statute—the court must consider "whether the issues raised by the pleadings are such as would be triable to a jury at common law." *Owens–Illinois, Inc. v. Lake Shore Land Co.,* 610 F.2d 1185, 1189 (3d Cir.1979).

The Third Circuit has also addressed *Granfinanciera* in light of its inclusion of an action "to recover an alleged fraudulent conveyance of a determinate sum of money." *In re Pasquariello,* 16 F.3d 525, 530 (3d Cir. 1994). The Third Circuit noted and distinguished, as did the Supreme Court itself, the "fraudulent conveyance of a determinate sum of money," as was the case in *Granfinanciera*—"an action that a court of equity would not have adjudicated"—from the "'equitable remedy of setting aside an alleged fraudulent conveyance of *real estate* by a bankrupt.'" *Pasquariello,* 16 F.3d at 530, quoting, *Granfinanciera,* 492 U.S. at 46, 109 S.Ct. at 2792 (emphasis in original).

An action to recover for alleged fraudulent conveyances of real property, noted both the Supreme Court and the Third Circuit, "was usually heard in equity." *Pasquariello,* 16 F.3d at 530; *Granfinanciera,* 492 U.S. at 44–

46, 109 S.Ct. at 2791–93. *See, e.g., Hobbs v. Hull,* 1 Cox 445, 29 Eng.Rep. 1242 (Ch.1788) (suit to set aside conveyance of land held in trust by husband to wife to be heard in equity). Noted the Third Circuit, with regard to the pains taken by the Supreme Court in *Granfinanciera* to emphasize that the fraudulent conveyance at issue was that of a "determinate sum of money," every other Circuit Court to have considered the issue at the time of the Supreme Court's decision "held that any attempt to remedy a fraudulent conveyance of real property through a set aside or avoidance was a matter for the equity courts and that no right to a jury trial attached." *Pasquariello,* 16 F.3d at 530. Despite the appearance since *Granfinanciera* of several other Circuit Court decisions holding that jury trials could be had in actions to set aside fraudulent conveyances of real property, the court expressed its reluctance to find *Granfinanciera* applicable "in this different fact situation." *Pasquariello,* 16 F.3d at 530 and n. 9.

The question of whether the claim asserted in Count III is "susceptible" to a jury trial demand is more easily disposed of as the courts, including the Supreme Court, have explicitly held that an action of foreclosure brought under 26 U.S.C. § 7403 "is by its nature a proceeding in equity." *United States v. Rodgers,* 461 U.S. 677, 708, 103 S.Ct. 2132, 2150, 76 L.Ed.2d 236 (1983). *See also United States v. Berk & Berk,* 767 F.Supp. 593 (D.N.J.1991); *See also Damsky v. Zavatt,* 289 F.2d 46 (2d Cir.1961) (foreclosure action under § 7403 "sufficiently akin to the historic equity practice" to preclude jury trial); *United States v. Berk & Berk,* 767 F.Supp. 593, 603 (D.N.J.1991) (mortgage foreclosure is equitable and does not afford right to jury trial).

Even if Mr. Jones had been found to have made a timely demand for a jury trial as to Count III, it is clear that no right to a jury trial exists on the foreclosure issue.

Accordingly, and because this court finds that (1) the defendant Harry Jones has failed to make a timely demand for a jury trial pursuant to *Fed.R.Civ.P.* 38(b) as to any counts in the original or amended complaint; (2) that Mr. Jones' has waived any right to a jury trial, pursuant to *Fed.R.Civ.P.* 38(d), of issues triable to a jury in this matter; and (3) that the issues raised in Counts II and III are equitable issues for which trial by jury is not available, the plaintiff's motion to strike defendant Harry Jones' May 16, 1994 jury trial demand shall be granted.

The accompanying order shall be entered.

### LETTER OPINION AND ORDER ON RECONSIDERATION

Dear Counsel and Litigants:

Presently before the court is the defendant's motion for reconsideration of this courts order of August 19, 1994 granting the plaintiff's motion to strike the defendant's jury demand. This is an action in which the United States seeks in Count I to obtain a judgement against the defendant, Harry Jones for certain federal income tax assessments. In Count II the United States attempts to set aside a conveyance of real property between defendants Harry Jones and Janet Jones, alleged to have been fraudulent, and in Count III the United States seeks to obtain a writ of execution against said real property equal to one-half of its imputed rental value, to be credited as against the income taxes alleged to be owed by Harry Jones.

On July 26, 1994, counsel for the plaintiff, Louis J. Bizzarri, Assistant United States Attorney, moved this court for an order striking the defendant Harry Jones' May 16, 1994 demand for a jury trial in this matter. This Court, in a letter opinion and order filed August 19, 1994 granted the plaintiff's motion for an order striking the defendant Harry Jones' jury trial demand. On August 23, 1994 Mr. Jones filed a motion for reargument requesting this court to reconsider its August 19, 1994 order.

*Discussion*

Pursuant to Local Rule 12 I, a motion for reargument addresses issues and facts that are overlooked during the original motion. Local Rule 12 I provides that:

A motion for reargument shall be served and filed within 10 days after the entry of the order or judgment on the original motion by the Judge or Magistrate. There

shall be served with the notice a brief setting forth concisely the matters or controlling decisions which counsel believes the Judge or Magistrate has overlooked. No papers in opposition shall be filed or served unless the Judge or Magistrate so directs. No oral argument shall be heard unless the Judge or Magistrate grants the motion and specifically directs that the matter shall be reargued orally.

■ The purpose of the rule, which limits the motion to facts and law "overlooked" in the original motion is "to encourage parties to present their positions as completely as possible, and to prevent parties from filing a second motion, with the hindsight provided by the court's analysis, covering issues that should have been raised in the first set of motions." *United States v. Torres*, Crim. No. 89–240 (D.N.J. slip op. filed March 30, 1990) (Brotman).

■ The motion must focus on, and the required memorandum must address, only those matters, factual or legal, "which counsel believes the court has overlooked." *Maldonado v. Lucca*, 636 F.Supp. 621 (D.N.J. 1986). The standard of review involved in a motion for reargument is quite high, and therefore relief under this rule is granted very sparingly. *Id.* at 630. In fact, such motion is only granted when "dispositive factual matters or controlling decisions of law were presented to the court but not considered". *Pelham v. United States*, 661 F.Supp. 1063, 1065 (D.N.J.1987).

In interpreting the rule, courts have held that a judge can only overlook matters as to facts and legal arguments which were appropriately presented to the court at the time the motion on which reargument is sought was initially decided. Therefore, a moving party's effort to expand the reargument to include matters that were not presented before the court in the original motion, but that are submitted after the motion has been decided have been rejected. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159 (D.N.J.1988).

■ Accordingly, the defendant in the instant case fails to raise any issues that this court may have overlooked and failed to consider in its August 19, 1994 opinion and order. In fact Mr. Jones reiterates the arguments that he made in opposition to the plaintiff's original motion to strike the jury demand. In his motion for reargument, the defendant states that he filed a timely response to the plaintiff's motion to strike the jury demand. This is the exact issue upon which this court opined in its previous order. The defendants motion simply raises a disagreement with this court's initial decision. Raising a mere disagreement with a courts prior decision, is insufficient grounds upon which to grant a motion for reargument. In fact a motion for reconsideration is improper when "it is used to ask the court to rethink what it had already thought through rightly or wrongly." *Oritani S & L v. Fidelity & Deposit*, 744 F.Supp. 1311, 1314 (D.N.J.1990).

This court does not find, and the defendants motion fails to raise, any issues of facts and law that were "overlooked" by this court in its initial opinion. Since the defendant is only seeking this court's review of its previous opinion, the defendant's motion shall be denied.